## Paul E. Gierz, Appellee, v. John Rus and Peter Soukup, Appellants.

### Gen. No. 22,042.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 18, 1917.

### Statement of the Case.

Action by Paul E. Gierz, plaintiff, against John Rus and Peter Soukup, defendants, to recover on an appeal bond. From a judgment for plaintiff for $1,000 damages, defendants appeal.

EDWARD J. HERDLICKA, for appellants.

EDWARD J. GREEN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 252*—*what amendments may be made after term.* After the expiration of the term at which a judgment has been entered it can be amended only in matters of form.

2. APPEAL AND ERROR, § 1887*—*what are requisites of judgment in action on appeal bond.* In an action of debt on an appeal bond, the judgment should specify the amount of the debt and damages and should be rendered for the debt to be satisfied upon payment of the damages.

3. APPEAL AND ERROR, § 1887*—*what amendment to judgment on appeal bond may not be made after term.* In an action of debt on an appeal bond where judgment was entered upon a finding for the plaintiff and assessment of damages in a certain sum, and after expiration of the term at which the judgment was entered and approval and filing of an appeal bond the court, on motion, entered

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a judgment purporting to correct the former judgment in form for incorrect transcription thereof by the clerk of the court, and finding amount of debt and of damages and adjudging recovery of such debt and damages, with costs, *held* that such amendment was one of substance and not of form and the court was without power to make same.

4. APPEAL AND ERROR—*when proper judgment cannot be entered on appeal in action on appeal bond.* Where the evidence was not preserved in the record by bill of exceptions, *held* that there was no way of ascertaining the amount of damages, in an action to recover on an appeal bond, and proper judgment could not be entered on an appeal.